IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TERRY L. HALE,
    Plaintiff,

vs.                                               Case No. 3:08cv324/MCR/EMT

JOHN E. POTTER,
    Defendant.
_____/

**O R D E R**

       This cause is before the court upon Plaintiff's response to the court's June 12, 2009, order to show cause (Docs. 13, 12, respectively). As explained below, the court finds good cause for Plaintiff's failure to serve the complaint within the time permitted under Fed. R. Civ. P. 4(m) and grants Plaintiff additional time in which to effect service.

       Plaintiff, appearing pro se, initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983 (Doc. 1). He paid the filing fee. On December 11, 2008, the court entered an order directing the clerk to issue summons for Defendant and instructing Plaintiff that it was his responsibility to formally serve the complaint. In light of Plaintiff's pro se status, the court also provided him with information concerning service, including the fact that the procedural rules require service of the summons and complaint within 120 days from the date of filing the complaint (*id*.). Because over 120 days had elapsed without any activity in this case, including proof that service has been effected upon Defendant, the court on June 12, 2009, issued an order to show cause why the case should not be dismissed. *See* Fed. R. Civ. P. 4(m) (authorizing district court to dismiss an action without prejudice for failure to serve the summons and complaint within 120 days of filing the complaint unless good cause is shown for the delay).

Plaintiff submits in his response to the order to show cause that he never received the court's instructions regarding service. According to Plaintiff, his failure to receive such guidance from the court is the reason he has not served Defendant and, consequently, why there has been no activity in the case. The court concludes that Plaintiff's explanation constitutes good cause for the delay in effecting service. Dismissal of this matter therefore shall not be recommended, and the court shall provide Plaintiff with information regarding service of his complaint on Defendant.

As the court previously explained in its December 11, 2008, order, it is Plaintiff's responsibility to formally serve the complaint so that Defendant may be given an opportunity to respond to his allegations. The clerk shall be directed to reissue summonses so that Plaintiff may effect service. To effect service of process, Plaintiff must deliver a copy of the summons and complaint to the United States Attorney for this district or send a copy of the summons and complaint by registered or certified mail addressed to the civil process clerk at the Office of the United States Attorney for the Northern District of Florida, 21 East Garden Street, Suite 400, Pensacola, Florida 32502. Fed. R. Civ. P. 4(i). Plaintiff must also send a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States in Washington, D.C. *Id.* Finally, Plaintiff must send a copy of the summons and complaint by registered or certified mail to John E. Potter, Postmaster General of the United States Postal Service, Southeast Area Agency. *See id.*

Plaintiff should thoroughly review Rule 4 of the Federal Rules of Civil Procedure before attempting service. Plaintiff is further informed that he must serve the summonses and complaint within **thirty (30) days** from the date of this order or this court may recommend dismissal of this action for failure to effect service. *See* Fed. R. Civ. P. 4(m) (authorizing the court to extend the time for service for "an appropriate time" if good cause is shown for the failure to timely effect service).

Accordingly, it is **ORDERED**:

1. The clerk of court shall issue summonses, and deliver the summonses to Plaintiff, who shall be responsible for prompt service of the summonses and complaints as directed in this order.

2. After a response to the complaint has been filed by Defendant, Plaintiff shall be required to mail to the attorney for Defendant a copy of every pleading or other paper submitted for

consideration by the court.  Plaintiff shall include with the original paper to be filed with the clerk of court a "certificate of service" which states the date a correct copy of the paper was mailed to the attorney representing Defendant.  Any paper submitted for filing after a response to the complaint has been filed by Defendant which does not contain a "certificate of service" shall be returned by the clerk and disregarded by the court.

       3.  In accordance with 28 U.S.C. § 636(c)(2), the clerk shall forward to Plaintiff a form for consenting to trial by the magistrate judge, with this case number written on it.  Plaintiff may, but is not required to, consent.  If Plaintiff wishes to consent he should sign the form and forward it to counsel for Defendant, who shall return it to the clerk only if Defendant consents.

       **DONE AND ORDERED** this 16th day of July 2009.


       /s/ *Elizabeth M. Timothy*
       **ELIZABETH M. TIMOTHY**
       **UNITED STATES MAGISTRATE JUDGE**