IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TERRY L. HALE,
    Plaintiff,

vs.                                               Case No. 3:08cv324/MCR/EMT

JOHN E. POTTER,
    Defendant.
_____/

## **ORDER**

       By order dated December 23, 2009, the court directed Plaintiff, who proceeds pro se, to file a written response to Defendant's motion to dismiss and for summary judgment no later than January 6, 2010, and to file evidentiary materials by the summary judgment advisement date of January 13, 2010 (Doc. 28). On Plaintiff's untimely-filed motion for an enlargement of time in which to file a response (Doc. 29, filed January 14, 2009), the court gave Plaintiff until March 1, 2010, in which both to file a response and to submit evidentiary materials. Plaintiff failed respond to the court's order.

       In light of Plaintiff's pro se status, by order dated March 9, 2010, the court *sua sponte* enlarged the time for Plaintiff to respond to Defendant's motion for summary judgment and to file evidentiary materials, giving him until March 19, 2010 (Doc. 33). Plaintiff was advised that, absent a showing of good cause, no additional enlargement would be granted. The court further informed Plaintiff that if he failed to file a response to the motion or to otherwise respond within the time allotted, the court would conclude that he had abandoned this litigation and thereafter recommend dismissal of this action without prejudice for his failure to comply with an order of the court and failure to prosecute. The court also directed that if Defendant objected to the dismissal without prejudice, it should so inform the court. Plaintiff failed to respond to the court's order, but

Defendant filed a response asking that the court dismiss the action with prejudice (Doc. 34).[1]

Dismissal with prejudice is an "extreme sanction" and "is plainly improper unless and until the district court finds a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1338–39 (11th Cir. 2005). Before dismissal as a sanction under Rule 41(b) is appropriate, the court must make findings satisfying both prongs of this standard. *See* Mingo v. Sugar Cane Growers Co-op. of Fla., 864 F.2d 101, 102–03 (11th Cir. 1989) (*per curiam*); *see also* Betty K Agencies, 432 F.3d at 1339 (requiring district courts "to make these findings precisely because the sanction of dismissal with prejudice is so unsparing" (quotation marks, alteration, and citation omitted)). Simple negligence is not sufficient to demonstrate a clear record of delay or willful conduct. *See* McKelvey v. AT & T Techs., Inc., 789 F.2d 1518, 1520 (11th Cir. 1986) (*per curiam*). Also, while the court must consider the appropriateness of lesser sanctions, such consideration need not be explicit. *See* Betty K Agencies, 432 F.3d at 1341; *see also* Gratton v. Great Am. Commc'ns, 178 F.3d 1373, 1374 (11th Cir. 1999) ("Dismissal under Rule 41(b) is appropriate where there is . . . an implicit or explicit finding that lesser sanctions would not suffice.").

Upon review, the court concludes that the record in this case is sufficient to show a clear pattern of delay by Plaintiff. On December 11, 2008, the court directed the clerk to issue summons to Plaintiff, who was informed that it was his responsibility to serve the complaint within 120 days, as provided under Fed. R. Civ. P. 4 (Doc. 10). The court also provided Plaintiff with instructions regarding service. On June 12, 2009, after more than 120 days had elapsed without Plaintiff's filing proof of service, the court issued an order directing Plaintiff to show cause why this action should not be dismissed for his failure to timely serve the complaint (Doc. 12). Although there was no record of the court's December 11, 2009, order having been returned as undeliverable or of Plaintiff filing a notice of change of address, the court accepted Plaintiff's explanation—that he had not received the court's instructions regarding service—and gave him an additional thirty days, or until August 16, 2009, in which to effect service (Doc. 14). On September 15, 2009, the court issued another order to Plaintiff to show cause, again for failure to effect service of process (Doc. 16).

---

[1] The court directed Defendant to file its response, if any, *prior to* March 23, 2010. The response, filed March 23, 2010, therefore was untimely. Nevertheless, the court accepts the response.

Plaintiff responded by filing certified mail receipts mailed August 12, 2009, and apparently delivered to Defendants on August 19, 2009, three days after the court's service deadline (Doc. 17). Again, the court accepted Plaintiff's response and permitted the action to proceed (Doc. 18). Plaintiff filed an amended complaint on October 8, 2009 (Doc. 19), to which Defendant responded by filing a motion to dismiss in part and for summary judgment (Doc. 26). The remainder of the history of this case is as outlined above: on December 23, 2009, the court directed Plaintiff to respond to the pending motion by January 6, 2010, and to file evidentiary materials by the advisement date of January 13, 2010. Plaintiff filed an *untimely* motion for an enlargement of time in which to respond, which the court granted, but Plaintiff again failed to respond as directed. The court then, *sua sponte*, gave Plaintiff additional time in which to file a response, but Plaintiff again failed to comply with the order or to otherwise respond. This record reflects that, despite having been given numerous opportunities, Plaintiff has repeatedly refused to respond to Defendant's motion and to comply with the court's orders. Such conduct reflects that Plaintiff's non-compliance has been willful and not merely the result of mistake or negligence. *See* McKelvey, 789 F.2d at 1520. The record is also sufficient to show that a lesser sanction, including dismissal without prejudice, would be inadequate to correct Plaintiff's conduct: Plaintiff has, time and again, failed to avail himself of the numerous opportunities offered him by the court to pursue this litigation. *See* Calloway v. Perdue Farms, Inc., 313 Fed. Appx. 246 (11th Cir. 2009) ("In light of the fact that Calloway was warned that his failure to respond to Perdue's motion would result in dismissal of his complaint with prejudice, yet still refused to pursue his case, the district court's determination that lesser sanctions would be futile was not unreasonable").

The court will give Plaintiff one additional opportunity to in which to file a response to Defendant's motion and to submit evidentiary materials. If Plaintiff fails to do so, or fails to otherwise respond to this order, the court will recommend to the district court that this action be dismissed with prejudice.

Accordingly, it is **ORDERED**:

1. Plaintiff shall have through **APRIL 1, 2010,** in which to file a response to Defendant's motion (Doc. 26) and to submit evidentiary materials.

2. Plaintiff's failure to comply with this order or to otherwise respond shall result in a recommendation to the district court that this action be dismissed with prejudice.

Case No. 3:08cv324/MCR/EMT

**DONE AND ORDERED** this 24<u>th</u> day of March 2010.


                                         /s/ *Elizabeth M. Timothy*
                                         **ELIZABETH M. TIMOTHY**
                                         **UNITED STATES MAGISTRATE JUDGE**