IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TERRY L. HALE,
    Plaintiff,

vs.                                                   Case No. 3:08cv324/MCR/EMT

JOHN E. POTTER,
    Defendant.
_____/

**REPORT AND RECOMMENDATION**

       This cause was filed pro se by Plaintiff Terry L. Hale ("Hale") pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, against Defendant John Potter, the Postmaster General of the United States and Hale's former employer ("Defendant"). The filing fee has been paid (Doc. 7). The case is now before the court upon referral by the clerk. For the reasons set forth below, the undersigned recommends dismissal of this action with prejudice for Hale's repeated failure to comply with orders of the court and failure to prosecute.

**Background**

       Hale initiated this action by filing a complaint on July 30, 2008 (Doc. 1). On December 11, 2008, the court directed the clerk to issue summons to Hale, who was informed that it was his responsibility to serve the complaint within 120 days, as provided by Fed. R. Civ. P. 4 (Doc. 10). The court also provided Hale with instructions regarding service. On June 12, 2009, after more than 120 days had elapsed without Hale's filing proof of service, the court issued an order directing him to show cause why this action should not be dismissed for his failure to timely serve the complaint (Doc. 12). Although there was no record of the court's December 11, 2009, order having been returned as undeliverable or of Hale's filing a notice of change of address,[1] the court accepted Hale's explanation—that he had not received the court's instructions regarding service—and gave him an

---

[1] The record likewise reflects no recent notice of change of address for Hale.

additional thirty days, or until August 16, 2009, in which to effect service (Doc. 14). On September 15, 2009, the court issued another order to Hale to show cause, again for failure to effect service of process (Doc. 16). Hale responded by filing certified mail receipts mailed August 12, 2009, and apparently delivered to Defendant on August 19, 2009, three days after the court's service deadline (Doc. 17). Again, the court accepted Hale's response and permitted the action to proceed (Doc. 18). Hale filed an amended complaint on October 8, 2009 (Doc. 19), to which Defendant responded by filing a motion to dismiss in part and for summary judgment (Doc. 26). By order dated December 23, 2009, the court directed Hale to file a written response to Defendant's motion to dismiss and for summary judgment no later than January 6, 2010, and to file evidentiary materials by the summary judgment advisement date of January 13, 2010 (Doc. 28). On Hale's untimely-filed motion for an enlargement of time in which to file a response (Doc. 29, filed January 14, 2009), the court gave Hale until March 1, 2010, in which both to file a response and to submit evidentiary materials. Hale failed respond to the court's order.

In light of Hale's pro se status, by order dated March 9, 2010, the court *sua sponte* enlarged the time for Hale to respond to Defendant's motion for summary judgment and to file evidentiary materials, giving him until March 19, 2010 (Doc. 33). Hale was advised that, absent a showing of good cause, no additional enlargement would be granted. The court further informed Hale that if he failed to file a response to the motion or to otherwise respond within the time allotted, the court would conclude that he had abandoned this litigation and thereafter recommend dismissal of this action without prejudice for his failure to comply with an order of the court and failure to prosecute. The court also directed that if Defendant objected to the dismissal without prejudice, he should so inform the court. Hale failed to respond to the court's order, but Defendant filed a response asking that the court dismiss the action with prejudice (Doc. 34). In an order dated March 24, 2010, the court gave Hale through April 1, 2010, in which to respond to Defendant's motion and submit evidentiary materials. The court also cautioned Haled that his failure to comply with the order or to otherwise respond would result in a recommendation to the district court that this action be dismissed with prejudice for his failure to prosecute and to comply with the court's orders (Doc. 35). Hale has not responded.

**Discussion**

District courts may dismiss a case with prejudice for want of prosecution based on at least

two sources of authority: Fed. R. Civ. P. 41(b) and the inherent power of courts to enforce their orders and provide for the efficient disposition of litigation. *See* Link v. Wabash R.R., 370 U.S. 626, 630–31, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (discussing the inherent authority of courts to dismiss cases for lack of prosecution and also noting that courts may act on their own motion to dismiss a claim under Rule 41(b)); Zocaras v. Castro, 465 F. 3d 479, 483 (11th Cir. 2006) (stating that "[i]n addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation."). Regardless of the authority for the dismissal, a district court should dismiss a case for want of prosecution with prejudice only when faced with "a clear record of delay or contumacious conduct by the plaintiff." McKelvey v. AT & T Techns., Inc., 789 F. 2d 1518, 1520 (11th Cir. 1986) (*per curiam*) (citation and quotations omitted). Indeed, dismissal with prejudice is an "extreme sanction" and "is plainly improper unless and until the district court finds a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1338–39 (11th Cir. 2005). Before dismissal as a sanction under Rule 41(b) is appropriate, the court must make findings satisfying both prongs of this standard. *See* Mingo v. Sugar Cane Growers Co-op. of Fla., 864 F.2d 101, 102–03 (11th Cir. 1989) (*per curiam*); *see also* Betty K Agencies, 432 F.3d at 1339 (requiring district courts "to make these findings precisely because the sanction of dismissal with prejudice is so unsparing" (quotation marks, alteration, and citation omitted)). Simple negligence is not sufficient to demonstrate a clear record of delay or willful conduct. *See* McKelvey, 789 F.2d at 1520. Rule 41(b) dismissals, whether with or without prejudice, are generally reviewed for abuse of discretion. *See* Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir.1985); Gratton v. Great Am. Communs., 178 F. 3d 1373, 1374 (11th Cir. 1999). Dismissal pursuant to Rule 41(b) "upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.1989).

The undersigned concludes that the record in this case, outlined above, is sufficient to show a clear pattern of delay by Hale. Despite having been given numerous opportunities, Hale has repeatedly failed to respond to Defendant's motion and to comply with the court's orders. Such conduct suggests that Hale's non-compliance has been willful and not merely the result of mistake or negligence. *See* McKelvey, 789 F.2d at 1520. The record is also sufficient to conclude that

imposing a lesser sanction, such as dismissal without prejudice, would be futile: Hale has, time and again, refused to avail himself of the numerous opportunities offered him by the court to pursue this litigation, and there is no basis for believing that a slighter penalty would alter that conduct. *See* Calloway v. Perdue Farms, Inc., 313 Fed. Appx. 246 (11th Cir. 2009) ("In light of the fact that Calloway was warned that his failure to respond to Perdue's motion would result in dismissal of his complaint with prejudice, yet still refused to pursue his case, the district court's determination that lesser sanctions would be futile was not unreasonable").

Accordingly, it is respectfully **RECOMMENDED**:

That this case be **DISMISSED**, **with prejudice,** pursuant to the court's inherent authority and Fed. R. Civ. P. 41(b), for Plaintiff Terry L. Hale's failure to prosecute and failure to comply with the court's orders.

At Pensacola, Florida this 2nd day of April 2010.

*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**